# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRIAN GARCIA, | ) |
| | ) |
| Plaintiff, | ) Case No.: 19 cv 1394 |
| | ) |
| v. | ) Honorable Judge Martha M. Pacold |
| | ) |
| COOK COUNTY SHERIFF TOM DART; C.O. HARVEY; C.O. ROSALEZ; LOURDES WELBON LPN; NEWWORLD EBOIGBE, RN and UNKNOWN AND UNNAMED COOK COUNTY DEPARTMENT OF CORRECTIONS EMPLOYEES, | ) Second Amended Complaint for Violation of Civil Rights and State Supplemental Claim |
| | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1971 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times, herein mentioned, Plaintiff Brian Garcia (Plaintiff) was and is a citizen of the United States of America and was within the jurisdiction of this court.

4. At all times Cook County Sheriff Tom Dart ("Dart"), was the elected head of a political division of the State of Illinois, existing under the laws of the State of Illinois. At all relevant times, Cook County Sheriff Tom Dart, maintained, managed, and/or operated the Cook

County Sheriff's Department and the Cook County Department of Corrections. Dart is being sued in his official capacity.

5. At all times, herein mentioned, C.O. Harvey ("Harvey") was employed by Cook County and was acting under color of state law and as the employee, agent, or representative of Cook County.

6. At all times, herein mentioned, C.O. Rosalez ("Rosalez") was employed by Cook County and was acting under color of state law and as the employee, agent, or representative of Cook County.

7. At all times, herein mentioned, Lourdes Welbon, LPN ("Welbon") was employed by Cook County and was acting under color of state law and as the employee, agent, or representative of Cook County.

8. At all times, herein mentioned, Newworld Eboigbe, RN ("Eboigbe") was employed by Cook County and was acting under color of state law and as the employee, agent, or representative of Cook County.

9. At all times, herein mentioned, the unnamed and unknown Cook County Department of Corrections employees were employed by Cook County and were acting under color of state law and as the employee, agent, or representative of the Sheriff of Cook County. These unknown and unnamed employees are being sued in their individual capacities. When the names of these employees are ascertained, Plaintiff will seek leave of Court to amend this complaint to add their names.

## FACTUAL ALLEGATIONS

10. On or about September 19, 2017 Plaintiff was arrested by Alsip Police Department.

1

11. Plaintiff was then placed into custody at Cook County Department of Corrections on September 21, 2017

12. On or about January 3, 2018, Plaintiff was taken out of his cell and moved to the dayroom. Plaintiff was in restraints which included handcuffs and shackles.

13. Plaintiff was sitting on a metal table waiting for a shower. When it was Plaintiff's turn to shower, he attempted to get off the table but due to the restraints he tripped and fell hitting his head on the metal table.

14. Defendants Harvey and Rosalez both witnessed Plaintiff fall and hit his head on the metal table.

15. Directly after the fall, Plaintiff was seen by Defendant Eboigbe.

16. Plaintiff explained to Defendant Eboigbe the severity of his injury. Plaintiff told Defendant Eboigbe that he had hit his head on a metal table and was in severe pain, he could not hear out of his right ear, and he was feeling dizzy and nauseated.

17. Despite the urgency of Plaintiff's medical needs, Defendant Eboigbe took no reasonable steps to examine Plaintiff but rather gave Plaintiff Advil and sent him back to his cell.

18. Once back in his cell, Plaintiff remained in severe pain and began to spit and cough up blood.

19. Plaintiff continued to communicate to Defendants Harvey and Rosalez through his cell door that he required medical treatment. Plaintiff told Defendants Harvey and Rosalez that he was in severe pain and was spitting and coughing up blood.

20. Defendant Harvey then provided Plaintiff with a medical form and informed Plaintiff that he could not receive medical treatment until the next day, January 4, 2018.

21. Later that night, Defendant Welbon came to Plaintiff's cell to administer night medication. Plaintiff told Defendant Welbon that he had fell and hit his head on a metal table, was in severe pain, and had been spitting and coughing up blood for the past six hours.

22. Defendant Welbon did not examine Plaintiff and instead told him it made no sense for him to be coughing and spitting up blood for a head injury.

23. Plaintiff spent the entire night in excruciating pain, and he continued to cough and spit up blood.

24. On January 4, 2018 around 11:00 a.m., Plaintiff was finally seen again by Defendant Eboigbe. Plaintiff told the nurse he was still in severe pain and he spent the entire night coughing and spitting up blood.

25. At this point Defendant Eboigbe ordered Plaintiff to spit into a garbage can to verify if Plaintiff truly was coughing and spitting up blood. Defendant Eboigbe observed that Plaintiff was indeed spitting up blood.

26. Plaintiff was then sent to Cermak Hospital, twenty-four (24) hours after his initial fall.

27. For the first time since Plaintiff's fall, someone examined Plaintiff's ear and the doctor observed bleeding in the Plaintiff's right ear drum.

28. After observing blood in Plaintiff's ear, the doctor at Cermak Hospital sent Plaintiff to Urgent Care at Stroger Hospital.

29. At Stroger, it was determined that Plaintiff had a temporal bone fracture as well as internal bleeding as a result of his fall on January 3, 2018.

30. Defendants Harvey, Rosalez, Welbon, Eboigbe, and other unknown and unnamed Defendants, intentionally and willfully and wantonly denied medical care knowing that

Plaintiff was in need of immediate medical care and were deliberately indifferent to Plaintiff's head and ear pain.

31. By reason of the acts and omissions of all the individual unknown and unnamed Defendants, Plaintiff sustained injuries, including but not limited to, special damages, emotional harm including humiliation and indignities, and has generally suffered physical, mental and emotional pain caused by the acts of Defendants.

**COUNT I**
**PLAINTIFF AGAINST DEFENDANTS HARVEY, ROSALEZ, WELBON, EBOIGBE, AND UNKNOWN AND UNNAMED DEFENDANTS FOR THE DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**

32. Plaintiff realleges and incorporates paragraphs one (1) through thirty-one (31) as though fully set forth at this place.

33. Defendants Harvey, Rosalez, Welbon, Eboigbe, and the unknown and unnamed Defendants knew that Plaintiff had a serious medical condition requiring immediate medical care while he was incarcerated at Cook County Jail.

34. Defendants Harvey, Rosalez, Welbon, Eboigbe, and these unknown Defendants acted with deliberate indifference in failing to conduct a reasonable examination and further failing to obtain and provide medical care for Plaintiff despite the obvious need for it.

35. Defendants Harvey, Rosalez, Welbon, Eboigbe, and these unknown Defendants caused and/or participated in the lack of reasonably prompt and continued medical treatment which exacerbated the nature of Plaintiff's injury, medical condition, healing process, and pain and suffering.

36. The actions and conduct of Defendants Harvey, Rosalez, Welbon, Eboigbe, and these unknown and unnamed Defendants were the proximate cause of the constitutional violations, and Plaintiff's injuries, including his pain and emotional distress.

37. The known actions and conduct of Defendants Harvey, Rosalez, Welbon, Eboigbe, and these unknown and unnamed Defendants violated Plaintiff's right under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. Section 1983.

## COUNT II
## PLAINTIFF AGAINST COOK COUNTY FOR INDEMNIFICATION

38. Plaintiff realleges and incorporates paragraphs one (1) through thirty-one (31) as though fully set forth at this place.

39. Pursuant to 745 ILCS 10/9-102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, Cook County is empowered and directed to pay any judgment for compensatory damage for which an independently elected Cook County officer, such as the Cook County employees, acting within the scope of his/her employment is found liable.

40. The acts and/or omissions of the Defendants were committed within the scope of their employment.

41. In the event that a judgment for compensatory damages is entered against the Defendants, Cook County must pay the judgment.

## COUNT III
## PLAINTIFF AGAINST DEFENDANTS HARVEY, ROSALEZ, WELBON, EBOIGBE, DART, AND THE UNNAMED AND UNKNOWN DEFENDANTS FOR THE SUPPLEMENTAL STATE LAW CLAIM OF WILLFUL AND WANTON CONDUCT

42. Plaintiff realleges and incorporates paragraphs one (1) through thirty-one (31) as though fully set forth at this place.

43. On or about September 19, 2017 and thereafter, the Defendants owed a duty of care to Plaintiff to exercise reasonable care in their interaction with Plaintiff.

44. In disregard of this duty, the Defendants acted intentionally, and willfully and wantonly in doing the following:

    a. Inflicting further pain and suffering on Plaintiff through the failure to provide Plaintiff with proper medical care in response to Plaintiff's complaints;

    b. causing the pain and suffering and emotional distress of Plaintiff; and

    c. Sheriff Tom Dart, pursuant to the principle of *respondeat superior*, is responsible for the wrongful conduct of its employees as alleged above.

45. All of the above was done without legal cause.

46. As a result of the foregoing Plaintiff was injured as set forth above.

**WHEREFORE,** the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, LTD., requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than Cook County be required to pay punitive and exemplary damages in a sum to be ascertained.

4. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

5. That Plaintiff has such other and further relief as this Court may deem just and proper.

                                                  Respectfully Submitted,

                                      BY: /s/ Edward M. Fox
                                             Edward M. Fox
                                             Attorneys for Plaintiff
                                             ED FOX & ASSOCIATES, LTD.
                                             300 W Adams, Suite 330
                                             Chicago, IL 60606
                                             (312) 345-8877
                                             efox@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Edward M. Fox
 Edward M. Fox
 Attorneys for Plaintiff
 ED FOX & ASSOCIATES, LTD.
 300 W Adams, Suite 330
 Chicago, IL 60606
 (312) 345-8877
 efox@efoxlaw.com